UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLEo M. Y., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00545-TWP-MKK |
| | ) |
| LELAND C. DUDEK, Acting Commissioner of Social Security[1], | ) |
| | ) |
| Defendant. | ) |

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Cleo M. Y.[2] appeals the Administrative Law Judge's decision denying her application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge (Filing No. 16), who submitted her Report and Recommendation on January 21, 2025, recommending that the decision of the Commissioner be reversed and remanded (Filing No. 17). The Commissioner and Cleo both timely filed Objections to the Magistrate Judge's Report and Recommendation (Filing No. 18; Filing No. 19). For the reasons set forth below, the Court **OVERRULES** both parties' Objections, **ADOPTS** the Report and Recommendation, and **REMANDS** the decision of the Commissioner for further consideration.

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland C. Dudek should be substituted for Michelle King as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinions.

## I.    BACKGROUND

The Court declines to provide an extensive elaboration of the procedural and factual background of this matter, as the parties and the Magistrate Judge have sufficiently detailed the background of this matter in the briefs and the Report and Recommendation. The Court mentions only some of the facts here.

Cleo protectively filed her application for DIB and SSI on September 12, 2019, alleging September 19, 2015, as the disability onset date. In her application, Cleo asserted the following impairments: bipolar 1 disorder, PTSD, Ehlers Danlos Syndrome, major depression, fibromyalgia, generalized anxiety disorder, migraines, and asthma ([Filing No. 8-3 at 2](#)).

Cleo's application was denied initially on April 20, 2020, and again on reconsideration on October 22, 2020. Cleo timely requested a hearing on her application, which was held before Administrative Law Judge Michael Hellman (the "ALJ") on February 26, 2021, via telephone. She requested additional time to seek representation, which the ALJ approved, and the next hearing was held on June 10, 2021. The ALJ then issued a decision on September 2, 2021, denying Cleo's application, having determined that she was not disabled. Cleo sought review of the ALJ's decision by the Appeals Council. The Appeals Council remanded the case, and the ALJ held another hearing on November 4, 2022. At the hearing, Cleo amended her disability onset date to July 1, 2018, which the ALJ approved. The ALJ issued another decision on March 29, 2023, denying Cleo's application, again having determined that she was not disabled. The Appeals Council denied Cleo's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.

Cleo timely filed her Complaint with the Court on March 26, 2024, seeking judicial review of the Commissioner's decision. On October 1, 2024, this Court issued an order referring the matter to Magistrate Judge Kendra Klump for a Report and Recommendation ("R&R"). On January 21,

2025, the Magistrate Judge filed her R&R recommending remand of the case for further consideration. Thereafter, on February 4, 2025, Cleo and the Commissioner each filed their Objections to the R&R.

## II. LEGAL STANDARD

When the Court reviews the Commissioner's decision, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). To be affirmed, the ALJ must articulate her analysis of the evidence in her decision, and while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176. The Court "must be able to trace the ALJ's path of reasoning" from the evidence to her conclusion. *Clifford v. Apfel*, 227 F.3d 863, 874 (7th Cir. 2000).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. *See* Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions . . . to which timely objections have

not been raised by a party." *Sweet v. Colvin*, No. 12-cv-439, 2013 WL 5487358, at *1 (S.D. Ind. Sept. 30, 2013) (citing *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009)).

### III.    DISCUSSION

Cleo advanced three arguments in her appeal of the ALJ's decision: (1) the ALJ failed to properly evaluate the medical opinion evidence and failed to properly determine Cleo's residual functional capacity ("RFC"); (2) the ALJ relied on a flawed hypothetical question to the vocational expert; and (3) the ALJ failed to properly evaluate Cleo's subjective statements (Filing No. 12 at 22). The Magistrate Judge concluded that the ALJ erred in relying on a flawed hypothetical question to the vocational expert that did not adequately apprise the vocational expert of Cleo's limitations (Filing No. 17 at 17). The Magistrate Judge did not find reversible error on the other two issues. Because of the flawed hypothetical question, the Magistrate Judge recommended the Commissioner's final decision denying benefits be remanded. *Id.* at 2.

Cleo's Objections to the R&R include the same three arguments from her initial appeal. She specifically objects to the R&R's conclusion that the ALJ properly evaluated the medical opinion evidence and determined her RFC, and that the ALJ properly evaluated her subjective statements. The Commissioner responds that substantial evidence supported the ALJ's evaluation of the medical opinions, the RFC was supported by specific evidence, and the ALJ's evaluation of Cleo's subjective symptoms complaints was not "patently wrong." (Filing No. 20).

The Commissioner's Objections to the R&R assert there was no reversible error and the ALJ did not fail to apprise the vocational expert of all of Cleo's limitations related to her moderately impaired ability to concentrate, persist, or maintain pace. Cleo responds that she agrees with the Magistrate Judge's recommendation that the ALJ's accepted hypothetical question to the vocational expert is unsupported, and that the Commissioner's Objections have no merit.

Because the parties each address the issues in the order presented in Cleo's Complaint, the Court will address the parties' objection in the same order.

### A. Medical Opinion Evidence and RFC

Cleo first contends the ALJ failed to properly evaluate the medical opinion evidence and failed to properly determine her RFC. *Id.* The Magistrate Judge agreed with the Commissioner that the ALJ's findings on this topic were not in error because they were supported by substantial evidence (Filing No. 17 at 18). Here, reviewing the issue *de novo* and reading the ALJ's opinion as a whole, the Court agrees with the Magistrate Judge. *See Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir. 1985) ("[W]e examine the [ALJ]'s opinion as a whole to ascertain whether he considered all of the relevant evidence, made the required determinations, and gave supporting reasons for his decisions.").

Cleo specifically argues that the opinions from Chriss Ilunga Mulumba, M.D. ("Dr. Mulumba"), and Christina Ryser, Ph.D. ("Dr. Ryser"), are consistent with each other and the treatment records, and the ALJ failed to properly evaluate their opinions (Filing No. 12 at 30). Cleo contends that the ALJ's failure to articulate how he considered the factors of supportability and consistency when evaluating this medical opinion evidence regarding mental impairments from both doctors renders the ALJ's decision erroneous. *Id.* Cleo also argues the ALJ failed to properly evaluate the medical opinions regarding physical impairments and argues that Physician Assistant Julie Swartz's ("PA Swartz") opinion was consistent. *Id.* at 32. Cleo argues that the ALJ failed to cite to any specific medical facts or to persuasive evidence that support his mental RFC finding. *Id.* at 30. Cleo contends that the physical RFC is wholly unsupported by substantial evidence, too. *Id.* at 34. In response, the Commissioner maintains the ALJ's analysis was proper. The Court will address Cleo's arguments regarding each medical opinion in turn and then discuss the ALJ's RFC determination.

5

### 1. Dr. Mulumba

In his decision, the ALJ stated that treating psychiatrist Dr. Mulumba's checked questionnaire answers were not "persuasive or consistent with the claimant's objective findings on presentations and [Cleo's] activities that include traveling independently, working caring for an infant and driving." (Filing No. 8-2 at 50). The Court finds that the ALJ sufficiently explained why the evidence was not persuasive. He provided several examples and articulated the supportability and consistency. The decision states that Dr. Mulumba's assertion that Cleo's "profound depressive episodes that significantly affected her functionality . . . *is not supported* by her extensive activities that include traveling out of state, meeting new people that she did not previously know, attending concerts and doing other routine normal activities such as shopping, housework and driving." *Id.* (emphasis added). The ALJ stated that the assertion is also not consistent with Dr. Mulumba's treatment record, which "supports that she has improved with counseling and medications." *Id.* The Commissioner argues, and the Court agrees, that despite noted improvements, Dr. Mulumba offered substantially similar opinions in November 2020 and September 2022 (Filing No. 8-8 at 3–7; Filing No. 8-11 at 99).

While the ALJ did find that Dr. Mulumba's medical evidence regarding triggering events in the workplace is "somewhat consistent" with Dr. Ryser's opinion (Filing No. 8-2 at 50), the ALJ found both opinions to be inconsistent with the record. Dr. Mulumba indicated that Cleo would likely be absent from work more than three times a week due to the likelihood of triggering situations, but the ALJ found that this is not consistent with Cleo's own statements that she is "doing better with her activities" and the record evidence showing that she travels and goes to concerts. *Id.* Further, Dr. Mulumba's reports encourage her to participate in, not decrease, coping activities. *Id.*

Cleo also argues that, while evaluating Dr. Mulumba's opinion, the ALJ improperly weighed evidence that she was responsive to treatment and did not require inpatient care (Filing No. 12 at 27; Filing No. 8-2 at 51). The ALJ reasonably noted the lack of inpatient treatment in response to Dr. Mulumba's statement that Cleo experienced "profound depressive episodes." (Filing No. 8-2 at 51). As the Commissioner notes, these considerations were not the sole foundation of the ALJ's decision, but were simply part of his full review of the record (*see* Filing No. 14 at 9 ("[T]he ALJ reasonably noted the lack of inpatient treatment in response to Dr. Mulumba's statement that Plaintiff experienced 'profound depressive episodes,' he did not improperly discount any medical opinion based on this single factor." (citing Filing No. 8-2 at 51))). The Court finds that the ALJ properly evaluated the opinion of Dr. Mulumba.

   2. **Dr. Ryser**

The ALJ also did not find the medical opinion evidence of Dr. Ryser, an evaluating psychologist, to be persuasive (Filing No. 8-2 at 49). Dr. Ryser administered a one-time telemedicine evaluation, and the ALJ found that "the examination was not consistent with the findings on the in-person examinations." *Id.* The ALJ cited as an example the difference between the findings for Cleo's cognition, which was generally assessed as average but assessed as below normal by Dr. Ryser. *Id.* at 50. As discussed above, the ALJ also explained that the opinion that Cleo would be absent from work three days a month due to symptoms of her mental impairments was not supported by the record. *Id.* The ALJ explained that this opinion was inconsistent with Cleo's daily activities and the treatment notes that include consistently intact or normal mental status exams. *Id.* The Court agrees with the Magistrate Judge that because Dr. Ryser's opinion was based on a one-time exam, Cleo's reported improvement in symptoms after that exam was relevant to the persuasiveness of that opinion. *Id.* at 50. The Court finds that the ALJ properly evaluated the opinion of Dr. Ryser.

### 3. PA Swartz

The ALJ found PA Swartz's opinions on Cleo's physical impairments from a March 2021 questionnaire "only somewhat persuasive but supportive of sedentary work." *Id.* at 51. PA Swartz's opinion indicated that Cleo would "likely have severe pain four to five times per month that would result in her missing work." *Id.* She also found that Cleo would have limitations on lifting and carrying, would be limited to a seated position for two hours and standing/walking for one hour, and would need breaks every fifteen to twenty minutes. *Id.*

The ALJ's decision states that the "objective medical and other evidence does not support the level of limitation opined by [PA Swartz]." *Id.* The ALJ provided numerous examples, including evidence of: Cleo traveling to Arizona and fully engaging in activities like horseback riding, swimming and shopping; Cleo working at least part-time in jobs that required her to walk and stand; and a January 2022 exam by PA Swartz showing that Cleo was "healthy" with all "normal" findings. *Id.*

The ALJ explained that "[t]he objective record and [Cleo's] activities are consistent with the claimant's ability to engage in sedentary work." *Id.* at 53. The decision states that Cleo was "not in acute distress when she is seated" and that the "overall record" documented limitations that prevent Cleo from standing/walking six hours rather than one, as PA Swartz indicated. *Id.* at 52. The Court finds that the ALJ properly evaluated the medical opinion evidence of PA Swartz.

### 4. RFC

A claimant's RFC is the maximum work that she can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. SSR 96-8p, 1996 WL 374184, at *5. "Essentially, an ALJ's RFC analysis

'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

Here, the ALJ said enough to ensure that he considered the totality of Cleo's limitations in formulating the RFC. While the ALJ did not find persuasive the medical opinions of Dr. Mulumba or Dr. Ryser, he did find persuasive the opinion of Alan Jacobs, Ph.D ("Dr. Jacobs"). *Id.* at 51. The Court agrees with the Magistrate Judge that the ALJ articulated the consistency of Dr. Jacobs' opinion and supported his finding with substantial evidence. The Court also agrees with the Magistrate Judge that the ALJ provided ample evidence in determining that Cleo could perform sedentary work with some restrictions (*see* Filing No. 8-2 at 36–37).

The Court finds that the ALJ properly evaluated the evidence and that both the mental and the physical RFC are supported by substantial evidence. Therefore, the Court **overrules** Cleo's objection to this part of the R&R.

B.      **Hypothetical Question to Vocational Expert**

Second, Cleo argues that the ALJ failed to frame a hypothetical question to the vocational expert ("VE") that accurately described all the mental limitations recognized for Cleo in the ALJ's decision. Cleo specifically argues that the ALJ's failure to account for her moderate limitations in concentration, persistence, and pace is legal error (Filing No. 12 at 36). She relies on Seventh Circuit precedent finding remand warranted where the ALJ found moderate restrictions in concentration, persistence, or pace but failed to include those restrictions or similar limitations in the hypothetical posed to the VE, and instead limited the claimant to simple, routine, repetitive or unskilled work. *See, e.g.*, *Varga v. Colvin*, 794 F.3d 809 (7th Cir. 2015) (finding remand required when rather than including a moderate restriction in concentration, persistence, or pace in the hypothetical to the vocational expert, the ALJ limited the claimant to simple, routine, repetitive

9

tasks in a work environment free of fast paced production requirements, involving only simple work related decisions and few, if any, workplace changes and no more than occasional interactions with coworkers or supervisors).

The Magistrate Judge determined that the ALJ erred by not including a reference to concentration, persistence, or pace findings in his hypothetical question, despite having found "moderate" limitations (Filing No. 17 at 16–17). The Magistrate Judge found the failure to include that reference indicates the VE was not adequately apprised of Cleo's limitations, and the use of an inadequate question constitutes reversible error. *Id.* at 17.

The Commissioner objects to the Magistrate Judge's R&R on this point and argues that while the R&R is correct that the Seventh Circuit "has remanded many cases where the ALJ restricted the claimant to simple, routine, repetitive tasks to account for moderate limitations in concentrating, persisting, or maintaining pace, . . . almost all of these cases were decided under a prior version of the regulations, which do[es] not apply" here (Filing No. 18 at 2). The Commissioner argues that "while the Seventh Circuit has not overruled *Varga v. Colvin* or any of the corresponding cases, their usefulness is limited when applied to cases decided under the new mental impairment regulations." *Id.* at 4.

Seventh Circuit cases are binding on this Court until and unless the case is overruled. As the Commissioner concedes, *Varga* has not been overruled. Further, the Court is unpersuaded that the new mental impairment regulations defining "moderate" limit the usefulness of *Varga*. Even with new regulations, "both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Varga*, 794 F.3d at 813. "If the ALJ finds that a plaintiff has a moderate limitation in maintaining concentration, persistence, or pace, *that limitation must be accounted for in the hypothetical question posed to*

10

the VE." *Nichol L. A. v. Comm'r of Soc. Sec.*, No. 21-CV-480, 2022 WL 3348774, at *14 (S.D. Ill. Aug. 12, 2022) (emphasis added) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010)).

Here, the ALJ determined that "[w]ith regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation." (Filing No. 8-2 at 36). But the hypothetical question posed to the VE included only the following reference to concentration: "The individual can carry out simple instructions and maintain attention and concentration to perform simple tasks." *Id.* at 101. The Court agrees with the Magistrate Judge that it was error to not refer to the medical evidence, which included moderate difficulties in maintaining concentration, persistence, and pace.

The Commissioner points to *Pavlicek v. Saul*, 994 F.3d 777, 780 (7th Cir. 2021), and argues that a moderate limitation in performing at a consistent pace is consistent with an RFC providing for simple tasks in a routine work setting. But *Pavlicek* is distinguishable. There, the medical opinion evidence showed the claimant "could pay attention for up to two hours at a time, and could perform at a consistent pace 'particularly if [ ] engaged in [ ] simple, repetitive tasks.'" *Pavlicek*, 994 F.3d at 780 (omissions in original). The court in that case was therefore persuaded by the Commissioner's argument related to the new definition of "moderate.". *Id.* at 783. But unlike in *Pavlicek*, missing from this case is any mention of the specific duration of Cleo's ability to maintain pace, attention, and concentration.

The Seventh Circuit has "repeatedly rejected the notion that a hypothetical like the one here 'confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'" *Varga*, 794 F.3d at 814 (quoting *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014)); *see also*

11

*Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) ("We have also made clear that in most cases 'employing terms like "simple, repetitive tasks" on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace,' and thus, alone, are insufficient to present the claimant's limitations in this area." (quoting *O'Connor-Spinner*, 627 F.3d at 620)). This is so because "someone with problems concentrating might not be able to complete a task consistently over the course of a workday, no matter how simple it may be." *Lothridge*, 984 F.3d at 1233.

No matter how simple the task, it is unclear if Cleo's moderate limitations in maintaining concentration would preclude her from completing those simple tasks consistently. As the Magistrate Judge noted, after questioning by Cleo's attorney, the VE deemed an inability to maintain attention and concentration at least a third of the time to be work preclusive (Filing No. 17 at 15). For the VE to fully understand the claimant's limitations, the ALJ must include reference to concentration, persistence, or pace findings. For these reasons, the Court agrees with the Magistrate Judge, **overrules** the Commissioner's Objections, and finds that remand is needed.

C.     **Subjective Statements Analysis**

Last, Cleo argues the ALJ's evaluation of her subjective statements is "patently wrong." (Filing No. 12 at 38). Cleo specifically argues, "the ALJ erred by concluding that [her] activities of daily living and the available clinical and/or objective findings conflict with a finding of physical and/or mental disability for [her] when discussing the medical opinion evidence." *Id.*

Under Social Security Rule ("SSR") 16-3p, the ALJ must first determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304, at *3. Then, the ALJ must evaluate the intensity and persistence of a claimant's symptoms and determine the extent to which they limit her ability to perform work-related

activities. *Id.* at *3–4. When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. SSR 16-3p, 2017 WL 5180304, at *5–8. "In evaluating a claimant's credibility, the ALJ must comply with Social Security Rule 16-3p and articulate the reasons for the credibility determination." *Karen A.R. v. Saul*, No. 18-cv-2024, 2019 WL 3369283, at *5 (S.D. Ind. July 26, 2019) (footnote omitted).

An ALJ's credibility finding is generally given considerable deference and overturned only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). An ALJ's evaluation is "patently wrong" and subject to remand when the ALJ's finding lacks any explanation or support. *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014). Ultimately, the ALJ must offer an explanation that allows the Court to determine whether he reached his decision in a rational manner, logically based on his specific findings and the evidence in the record. *Id.* at 816. Thus, "[a]s long as the ALJ's decision is supported by substantial and convincing evidence, it deserves this court's deference." *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007).

Here, the ALJ's evaluation of Cleo's subjective statements was adequately supported with evidence and explanation. The ALJ concluded that Cleo's medically determinable impairments could reasonably be expected to cause the alleged symptoms but found her subjective statements "not entirely consistent with the medical evidence and other evidence in the record." (Filing No. 8-2 at 38). The ALJ focused on evidence that during the relevant period Cleo held several part-time jobs and one full-time position consistent with unskilled work, and that even when not working, she helped with household activities and traveled out of state. *Id.* The ALJ concluded

13

that the available clinical and objective medical evidence were inconsistent with Cleo's statements. *Id.*

Cleo contends her subjective statements are consistent with the opinions of the treating and medical sources (Filing No. 12 at 38). Further, she argues that under 20 C.F.R. § 404.1529(c)(2) and § 416.927(c)(2), a claimant's allegations cannot be rejected solely "because the available objective medical evidence does not substantiate [her] statements." *Id.* Cleo also argues that the Seventh Circuit has made clear that subjective "complaints . . . need not be confirmed by diagnostic tests." *Id.* (citing *Engstrand v. Colvin*, 788 F.3d 655, 660 (7th Cir. 2015)).

The Commissioner argues that while an ALJ may not reject a claimant's subjective statements based *solely* on objective medical evidence, the ALJ here did not *solely* rely on such evidence (Filing No. 14 at 15). Instead, the Commissioner argues the ALJ also relied on clinical exam evidence and Cleo's activities of daily living (Filing No. 8-2 at 39). Further, "subjective complaints need not be accepted insofar as they clash with other, objective medical evidence in the record." (Filing No. 14 at 15 (citing *Arnold*, 473 F.3d at 823)). The Commissioner also argues that the ALJ did not err in his consideration of Cleo's activities of daily living. *Id.*

The Magistrate Judge concluded substantial evidence supported the ALJ's determinations as to the subjective symptom analysis (Filing No. 17 at 31). The Magistrate Judge found that the ALJ provided sufficient explanation and support for his finding of inconsistency using clinical exam findings, objective medical evidence, and Cleo's statements regarding her work history, symptoms, and daily activities. *Id.* at 29. The Court agrees with the Magistrate Judge.

As the Magistrate Judge explained, the ALJ did not solely rely on objective medical evidence. Rather, much of his analysis focused on inconsistencies in Cleo's own statements. In a discussion of Cleo's subjective statements about the intensity, persistence, and limiting effects of

her symptoms, the ALJ highlighted various inconsistencies (Filing No. 8-2 at 38). For example, the ALJ pointed out that Cleo's activities including shopping in public at grocery stores and independently traveling out of state with visits to new public places were inconsistent with her statement that she has panic attacks after a brief time in public. *Id.* He also pointed out that her independent travel and driving a car independently were inconsistent with her statements on the frequency and severity of her pain, seizures, migraines, and issues with concentration. *Id.*

Moreover, the ALJ found that Cleo's subjective statements were not consistent with the clinical exam findings and objective medical evidence. While subjective evidence need not be *confirmed* by diagnostic tests or other objective medical evidence, it cannot *clash* with evidence in the record. The ALJ clearly articulated his reasons for finding that the subjective statements are inconsistent with objective medical evidence and clinical exam findings. For example, the ALJ stated that despite subjective statements regarding Cleo's inability to concentrate, her mental status exams showed she "consistently had grossly intact attention, concentration and memory." *Id.*

The Court cannot conclude that the ALJ was "patently wrong" to find that Cleo's subjective statements were inconsistent with the record. Accordingly, Cleo's objection to the R&R's subjective statement analysis is **overruled**.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that there is no error in the Magistrate Judge's Report and Recommendation and therefore **OVERRULES** Cleo's Objections (Filing No. 19) and the Commissioner's Objections (Filing No. 18). The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 17). The final decision of the Commissioner is **REMANDED** for further proceedings as authorized by Sentence Four of 42 U.S.C. § 405(g).

Further, the **Clerk is directed** to change the case caption to reflect that Leland C. Dudek is the Acting Commissioner of the Social Security Administration.

**SO ORDERED.**

Date: 3/31/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Elaine Kuntz
Social Security Administration
elaine.kuntz@ssa.gov

Michael G. Myers
mgmyers10@sbcglobal.net

Catherine Seagle
Social Security Administration
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov